JUDGE ABRAMS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

14 CV 7595

--------------------------------------------------------------------------X

JAMES BOND,

*Plaintiff,*

-against-

THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, BRONX COUNTY DISTRICT ATTORNEY ROBERT T. JOHNSON, DETECTIVE CLEMENTE SOSA (TAX ID# 917177), DETECTIVE CLIFFORD ADER (TAX ID# 913602), DETECTIVE ANIELLO MAZZELLA (TAX ID# 920573), and DETECTIVE MATTHEW MCCROSSON (SHIELD #5474), individually and in their official capacity as New York City Police Officers,

*Defendants.*

--------------------------------------------------------------------------X

**COMPLAINT**

JURY TRAIL DEMANDED

Civil Action No.

RECEIVED
SEP 19 2014
U.S.D.C. S.D.N.Y.
CASHIERS

Plaintiff **JAMES BOND,** by his attorneys **NOVO LAW FIRM, PC,** complaining of Defendants **THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, BRONX COUNTY DISTRICT ATTORNEY ROBERT T. JOHNSON, DETECTIVE CLEMENTE SOSA (TAX ID# 917177), DETECTIVE CLIFFORD ADER (TAX ID# 913602), DETECTIVE ANIELLO MAZZELLA (TAX ID# 920573),** and **DETECTIVE MATTHEW MCCROSSON (SHIELD #5474),** respectfully alleges, upon information and belief:

**PRELIMINARY STATEMENT**

1. This is a civil rights action in which Plaintiff **JAMES BOND** seeks relief for Defendants' violation of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and of rights secured by the First, Fourth and Fourteenth Amendments to the United States Constitution, and of rights secured under the laws and Constitution of the State of New York. Plaintiff seeks damages, compensatory and punitive, affirmative and equitable relief, an award of costs, interest and attorney's fees, and such other and further relief as this Court deems equitable and just.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1343 and § 1331, this being an action seeking redress for the violation of Plaintiff's constitutional and civil rights.

3. Jurisdiction is also invoked herein pursuant to the First, Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983 and 42 U.S.C. § 1988.

4. Plaintiff respectfully requests that this Court exercise supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any state court causes of action that arise from a common nucleus of operative facts that give rise to the federally based causes of action pleaded herein, and as against all parties that are so related to claims in this action within the original jurisdiction of this court that are formed as part of the same case or controversy.

5. Venue herein is proper for the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1391 (a), (b) and (c).

## JURY DEMAND

6. Plaintiff respectfully demands a trail by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

7. Upon information and belief and within the time prescribed by law, a sworn Notice of Claim stating, among other things, the time when and the place where the injuries and damages were sustained, together with Plaintiff's demands for adjustment thereof was duly served on Plaintiff's behalf on the Comptroller of Defendant **THE CITY OF NEW YORK** and that, thereafter, said Comptroller for Defendant **THE CITY OF NEW YORK** refused or neglected for more than thirty (30) days, and up to the commencement of this action, to make any adjustment or payment thereof, and that, thereafter, and within the time provided by law, this action was commenced.

8. Upon information and belief, pursuant to General Municipal Law §50(h), a hearing was held at the office of a designated agent.

## PARTIES

9. Plaintiff is 40 years old and at all times hereinafter mentioned was, and still is, a citizen of the United States residing at 3655 Chambers Hill Road, Apt. 301, City of Harrisburg, County of Dauphin, State of Pennsylvania.

10. Defendant **THE CITY OF NEW YORK** was, and still is, at all times relevant herein, a municipal corporation duly incorporated and existing under and by virtue of the laws of the State of New York.

11. Defendant **NEW YORK CITY POLICE DEPARTMENT** was, and still is, at all times relevant herein, a municipal corporation established and maintained by Defendant **THE CITY OF NEW YORK**.

12. Defendant **THE CITY OF NEW YORK** was, and still is, at all times relevant herein, a municipal entity created and authorized under the laws of the State of New York. It is authorized to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant **THE CITY OF NEW YORK** assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by Defendant **NEW YORK CITY POLICE DEPARTMENT**.

13. Defendant **BRONX COUNTY DISTRICT ATTORNEY ROBERT T. JOHNSON**, at all times relevant herein, was the District Attorney of the County of Bronx, City of Bronx and State of New York, and was responsible for, and the chief architect of, the policies, practices, customs and usages of the Office of the District Attorney, Bronx County, of Defendant **THE CITY OF NEW YORK**.

14. Defendant **BRONX COUNTY DISTRICT ATTORNEY ROBERT T. JOHNSON** is and was responsible for the hiring, screening, training, retention, supervision, discipline, counseling and control of the Assistant District Attorneys and other agents and employees of the Office of the District Attorney, Bronx County, under his command.

15. Defendants **DETECTIVE CLEMENTE SOSA (TAX ID# 917177), DETECTIVE CLIFFORD ADER (TAX ID# 913602), DETECTIVE ANIELLO MAZZELLA (TAX ID# 920573)**, and **DETECTIVE MATTHEW MCCROSSON (SHIELD #5474)**, were, and still are, at all times relevant herein, duly appointed and acting officers, agents, servants, and employees of Defendant **NEW YORK CITY POLICE DEPARTMENT** a municipal agency of Defendant **THE CITY OF NEW YORK**.

16. Defendants **DETECTIVE CLEMENTE SOSA (TAX ID# 917177), DETECTIVE CLIFFORD ADER (TAX ID# 913602), DETECTIVE ANIELLO MAZZELLA (TAX ID# 920573)**, and **DETECTIVE MATTHEW MCCROSSON (SHIELD #5474)** were, and still are, at all times relevant herein, acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of Defendant **THE CITY OF NEW YORK,** were acting for, and on behalf of, and with the power and authority vested in them by Defendants **THE CITY OF NEW YORK** and **NEW YORK CITY POLICE DEPARTMENT** and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.

## STATEMENT OF FACTS

17. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

18. The events which gave rise to the underlying criminal litigation occurred on September 9, 2009.

19. On or about September 10, 2009, Plaintiff was arrested and detained by New York City Police Officers in the County of Bronx, State of New York.

20. Shortly thereafter, Plaintiff was arraigned by a judge and remanded to Rikers Island awaiting trial.

21. On or about September 28, 2009, the Grand Jury convened and Plaintiff was indicted.

22. Upon information and belief, Plaintiff was incarcerated at Rikers Island for approximately three and a half (3 ½) years while awaiting his criminal trial.

23. Upon information and belief, Plaintiff attended numerous court appearances during his time at Rikers Island.

24. Upon information and belief, Plaintiff also attended every day of his criminal trial, which lasted from January 2013 until March 13, 2013.

25. Upon information and belief, the witnesses produced at trial either denied the allegations made by the New York City Police Department and/or changed their account of the story(ies).

26. Upon information and belief, there was no warrant for Mr. Bond's arrest.

27. Upon information and belief, Mr. Bond was denied the right to prove that he was not even in the state of New York at the time of the shooting.

28. Upon information and belief, Mr. Bond was denied the right to provide the proof of his alibi.

29. Upon information and belief, the detectives from the NEW YORK CITY POLICE DEPARTMENT that were a part of the investigation withheld the proof that he was in Harrisburg, PA at the time of the shooting.

30. Upon information and belief, the District Attorney disregarded and/or chose not to review the proof that Plaintiff was in Harrisburg, PA at the time of the shooting.

31. Upon information and belief, Mr. Bond was denied several requests for a lawyer.

32. Upon information and belief, Mr. Bond was denied his request to show the video surveillance, which depicted the assailant as a Hispanic male.

33. Upon information and belief, Mr. Bond was denied the right to produce paperwork from his job as a salesperson at Footlocker in Harrisburg, PA at the time of the alleged murder.

34. At the conclusion of trial, Plaintiff was found not guilty, Mr. Bond was acquitted and all charges were dismissed and sealed by Hon. M. Clancy.

35. Upon information and belief, Plaintiff was wrongfully incarcerated for approximately forty-three (43) months.

36. Upon information and belief, while incarcerated, Mr. Bond was subjected to many acts of violence by the corrections officers.

37. Upon information and belief, as a result of the subject incident, Mr. Bond has suffered serious and severe health conditions, including, but not limited to, elevated liver enzymes and an injured finger.

38. Upon information and belief, Plaintiff was placed in solitary confinement for several extended periods of time during his incarceration.

39. Upon information and belief, as a result of the subject incident, Plaintiff lost his job when he was arrested and has had difficulty finding employment since his release.

**AS AND FOR A FIRST CAUSE OF ACTION**
**DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. § 1983 BY THE CITY OF NEW YORK**

40. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

41. At all times material to this complaint, Defendant **THE CITY OF NEW YORK** acting through its police department and through Defendants **DETECTIVE CLEMENTE SOSA (TAX ID# 917177), DETECTIVE CLIFFORD ADER (TAX ID# 913602), DETECTIVE ANIELLO MAZZELLA (TAX ID# 920573)**, and **DETECTIVE MATTHEW MCCROSSON (SHIELD #5474)** had in effect actual and/or *de facto* policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

42. At all times material to this complaint, Defendant **THE CITY OF NEW YORK** acting through its police department, and through Defendants **DETECTIVE CLEMENTE SOSA (TAX ID# 917177), DETECTIVE CLIFFORD ADER (TAX ID# 913602), DETECTIVE ANIELLO MAZZELLA (TAX ID# 920573)**, and **DETECTIVE**

**MATTHEW MCCROSSON (SHIELD #5474)** had in effect and/or *de facto* policies, practices, customs and usages of failing to properly train, screen, supervise and discipline employees and police officers, and of failing to inform the individual Defendants' supervisors of the need to train, screen, supervise and discipline said Defendants. The policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

43. Defendant **THE CITY OF NEW YORK** acting through its police department, and through Defendants **DETECTIVE CLEMENTE SOSA (TAX ID# 917177), DETECTIVE CLIFFORD ADER (TAX ID# 913602), DETECTIVE ANIELLO MAZZELLA (TAX ID# 920573)**, and **DETECTIVE MATTHEW MCCROSSON (SHIELD #5474)** being aware that such lack of training, screening, supervision, and discipline leads to improper conduct, acted with deliberate indifference in failing to establish a program of effective training, screening, supervision and discipline. Defendant **THE CITY OF NEW YORK** being aware that the persistent and substantial risk of improper detention of persons based upon insufficient or incorrect information, and effective training, screening, supervision and discipline would lessen the likelihood of such occurrences. There are recurrent circumstances which involve such potential danger to the constitutional rights of citizens, more specifically Plaintiff and which are officially tolerated by Defendant **THE CITY OF NEW YORK**. Such policies, practices, customs or usages were a direct and proximate cause of the conduct alleged herein and otherwise a direct and proximate cause of the harm/damages alleged herein, in violation of Plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

44. As a result of the foregoing, Plaintiff was deprived of his liberty, suffered specific physical, psychological and emotional injuries and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

## AS AND FOR A SECOND CAUSE OF ACTION
## DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. § 1983 BY NEW YORK CITY POLICE DEPARTMENT

45. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

46. At all times material to this complaint, Defendant **NEW YORK CITY POLICE DEPARTMENT** acting through Defendants **DETECTIVE CLEMENTE SOSA (TAX ID# 917177), DETECTIVE CLIFFORD ADER (TAX ID# 913602), DETECTIVE ANIELLO MAZZELLA (TAX ID# 920573),** and **DETECTIVE MATTHEW MCCROSSON (SHIELD #5474)** had in effect actual and/or *de facto* policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

47. At all times material to this complaint, Defendant **NEW YORK CITY POLICE DEPARTMENT** acting through Defendants **DETECTIVE CLEMENTE SOSA (TAX ID# 917177), DETECTIVE CLIFFORD ADER (TAX ID# 913602), DETECTIVE ANIELLO MAZZELLA (TAX ID# 920573),** and **DETECTIVE MATTHEW MCCROSSON (SHIELD #5474)** had in effect and/or *de facto* policies, practices, customs and usages of failing to properly train, screen, supervise and discipline employees and police officers, and of failing to inform the individual Defendants' supervisors of the need to train, screen, supervise and discipline said Defendants. The policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

48. Defendant **NEW YORK CITY POLICE DEPARTMENT** acting through Defendants **DETECTIVE CLEMENTE SOSA (TAX ID# 917177), DETECTIVE CLIFFORD ADER (TAX ID# 913602), DETECTIVE ANIELLO MAZZELLA (TAX ID# 920573),** and **DETECTIVE MATTHEW MCCROSSON (SHIELD #5474)** being aware that such lack of training, screening, supervision, and discipline leads to improper conduct, acted with deliberate indifference in failing to establish a program of effective training, screening,

supervision and discipline. Defendant **NEW YORK CITY POLICE DEPARTMENT** being aware that the persistent and substantial risk of improper detention of persons based upon insufficient or incorrect information, and effective training, screening, supervision and discipline would lessen the likelihood of such occurrences. There are recurrent circumstances which involve such potential danger to the constitutional rights of citizens, more specifically Plaintiff and which are officially tolerated by Defendant **NEW YORK CITY POLICE DEPARTMENT**. Such policies, practices, customs or usages were a direct and proximate cause of the conduct alleged herein and otherwise a direct and proximate cause of the harm/damages alleged herein, in violation of Plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

49. As a result of the foregoing, Plaintiff was deprived of his liberty, suffered specific physical, psychological and emotional injuries and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

## AS AND FOR A THIRD CAUSE OF ACTION DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION, NEW YORK CONSTITUTION and 42 U.S.C. § 1983 BY BRONX COUNTY DISTRICT ATTORNEY ROBERT T. JOHNSON

50. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

51. At all times material to this complaint, Defendant **BRONX COUNTY DISTRICT ATTORNEY ROBERT T. JOHNSON**, had in effect actual and/or de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

52. At all times material to this complaint, Defendant **BRONX COUNTY DISTRICT ATTORNEY ROBERT T. JOHNSON** had in effect and/or de facto policies, practices, customs and usages of failing to properly train, screen, supervise or discipline employees. The

policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

53. Defendant **BRONX COUNTY DISTRICT ATTORNEY ROBERT T. JOHNSON** being aware that such lack of training, screening, supervision and discipline leads to improper conduct, acted with deliberate indifference in failing to establish a program of effective training, screening, supervision and discipline. Defendant **BRONX COUNTY DISTRICT ATTORNEY ROBERT T. JOHNSON**, being aware that the persistent and substantial risk of improper detention of persons based upon insufficient or incorrect information, and effective training, screening, supervision and discipline would lessen the likelihood of such occurrences. There are recurrent circumstances which involve such potential danger to the constitutional rights of citizens, more specifically Plaintiff and which are officially tolerated by Defendant **BRONX COUNTY DISTRICT ATTORNEY ROBERT T. JOHNSON**. Such policies, practices, customs or usages were a direct and proximate cause of the conduct alleged herein and otherwise a direct and proximate cause of the harm/damages alleged herein, in violation of Plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

54. As a result of the foregoing, Plaintiff was deprived of his liberty, suffered specific psychological and emotional injuries and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

## AS AND FOR A FOURTH CAUSE OF ACTION
## DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. § 1983 BY DETECTIVE CLEMENTE SOSA (TAX ID#917177)

55. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

56. By his conduct and actions in arresting, searching, imprisoning, failing to intercede on behalf of Plaintiff and in failing to protect him from the unjustified and unconstitutional treatment she received at the hands of Defendants **THE CITY OF NEW YORK, NEW YORK**

**CITY POLICE DEPARTMENT,** and **CLEMENTE SOSA (TAX ID#917177)** acting with animus, and under color of law and without lawful justification, intentionally, maliciously, and with deliberate indifference to and/or a reckless disregard for the natural and probable consequences of his acts, caused injury and damage in violation of Plaintiff's due process clause and constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

57. As a result of the foregoing, Plaintiff was deprived of his liberty, suffered specific physical, psychological and emotional injuries and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

**AS AND FOR A FIFTH CAUSE OF ACTION**
**DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION and 42 U.S.C. § 1983 BY DETECTIVE CLIFFORD ADER (TAX ID#913602)**

58. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

59. By his conduct and actions in arresting, searching, imprisoning, failing to intercede on behalf of Plaintiff and in failing to protect him from the unjustified and unconstitutional treatment she received at the hands of Defendants **THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, DETECTIVE CLIFFORD ADER (TAX ID#913602),** acting with animus, and under color of law and without lawful justification, intentionally, maliciously, and with deliberate indifference to and/or a reckless disregard for the natural and probable consequences of his acts, caused injury and damage in violation of Plaintiff's due process clause and constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

60. As a result of the foregoing, Plaintiff was deprived of his liberty, suffered specific psychological and emotional injuries and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

**AS AND FOR A SIXTH CAUSE OF ACTION**
**DEPRIVATION OF RIGHTS UNDER THE**
**UNITED STATES CONSTITUTION and 42 U.S.C. § 1983**
**BY DETECTIVE ANIELLO MAZZELLA (TAX ID# 920573)**

61. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

62. By his conduct and actions in arresting, searching, imprisoning, failing to intercede on behalf of Plaintiff and in failing to protect him from the unjustified and unconstitutional treatment she received at the hands of Defendants **THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, DETECTIVE ANIELLO MAZZELLA (TAX ID# 920573),** acting with animus, and under color of law and without lawful justification, intentionally, maliciously, and with deliberate indifference to and/or a reckless disregard for the natural and probable consequences of his acts, caused injury and damage in violation of Plaintiff's due process clause and constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

63. As a result of the foregoing, Plaintiff was deprived of his liberty, suffered specific psychological and emotional injuries and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

**AS AND FOR A SEVENTH CAUSE OF ACTION**
**DEPRIVATION OF RIGHTS UNDER THE**
**UNITED STATES CONSTITUTION and 42 U.S.C. § 1983**
**BY DETECTIVE MATTHEW MCCROSSON (SHIELD #5474)**

64. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

65. By his conduct and actions in arresting, searching, imprisoning, failing to intercede on behalf of Plaintiff and in failing to protect him from the unjustified and unconstitutional treatment she received at the hands of Defendants **THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, DETECTIVE MATTHEW MCCROSSON (SHIELD #5474),** acting with animus, and under color of law and without lawful

justification, intentionally, maliciously, and with deliberate indifference to and/or a reckless disregard for the natural and probable consequences of his acts, caused injury and damage in violation of Plaintiff's due process clause and constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

66. As a result of the foregoing, Plaintiff was deprived of his liberty, suffered specific psychological and emotional injuries and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

## AS AND FOR A EIGHTH CAUSE OF ACTION MALICIOUS PROSECUTION UNDER THE UNITED STATES CONSTITUTION and 42 U.S.C. § 1983

67. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

68. By the actions described above, Defendants **THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, BRONX COUNTY DISTRICT ATTORNEY ROBERT T. JOHNSON, DETECTIVE CLEMENTE SOSA (TAX ID# 917177), DETECTIVE CLIFFORD ADER (TAX ID# 913602), DETECTIVE ANIELLO MAZZELLA (TAX ID# 920573),** and **DETECTIVE MATTHEW MCCROSSON (SHIELD #5474),** initiated a prosecution against Plaintiff Mr. Bond.

69. By the actions described above, Defendants **THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, BRONX COUNTY DISTRICT ATTORNEY ROBERT T. JOHNSON, DETECTIVE CLEMENTE SOSA (TAX ID# 917177), DETECTIVE CLIFFORD ADER (TAX ID# 913602), DETECTIVE ANIELLO MAZZELLA (TAX ID# 920573),** and **DETECTIVE MATTHEW MCCROSSON (SHIELD #5474),** lacked probable cause to believe the proceeding could succeed.

70. By the actions described above, Defendants **THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, BRONX COUNTY DISTRICT ATTORNEY**

**ROBERT T. JOHNSON, DETECTIVE CLEMENTE SOSA (TAX ID# 917177), DETECTIVE CLIFFORD ADER (TAX ID# 913602), DETECTIVE ANIELLO MAZZELLA (TAX ID# 920573),** and **DETECTIVE MATTHEW MCCROSSON (SHIELD #5474),** caused Plaintiff to be maliciously prosecuted without any probable cause, without reasonable suspicion, without any proper claims, without any right or authority to do so, illegally and with malice.

71. Defendants **THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, BRONX COUNTY DISTRICT ATTORNEY ROBERT T. JOHNSON, DETECTIVE CLEMENTE SOSA (TAX ID# 917177), DETECTIVE CLIFFORD ADER (TAX ID# 913602), DETECTIVE ANIELLO MAZZELLA (TAX ID# 920573),** and **DETECTIVE MATTHEW MCCROSSON (SHIELD #5474)** arrested and issued legal process in order to obtain collateral objectives outside the legitimate ends of the legal process and intimidated Plaintiff Mr. Bond for their personal interest and further to prevent Plaintiff from disclosing the aforementioned evidence of their misconduct.

72. The prosecution was ultimately terminated in favor of Plaintiff Mr. Bond.

73. As a result of the foregoing, Plaintiff Mr. Bond was deprived of his liberty, suffered specific psychological and emotional injuries and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

## AS AND FOR A NINTH CAUSE OF ACTION
## EXCESSIVE FORCE

74. Plaintiff Mr. Bond repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

75. Throughout the period of his imprisonment and/or detention, Plaintiff was continuously subjected to excessive and unreasonable detention and to multiple excessive and unnecessary and unreasonable acts of physical force (while in detention), and to unnecessary and unreasonable and excessive terms and conditions of his imprisonment (including being put in solitary confinement), at the hands of defendants under the color of state law, in violation of

his rights as guaranteed under the Fourth and Fourteenth Amendments to the United States Constitution and the Civil Rights Act of 1871, 42 USC § 1983.

## AS AND FOR A TENTH CAUSE OF ACTION
## VIOLATION OF SUBSTANTIVE DUE PROCESS

76. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as thought fully stated herein.

77. Defendants **THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, BRONX COUNTY DISTRICT ATTORNEY ROBERT T. JOHNSON, DETECTIVE CLEMENTE SOSA (TAX ID# 917177), DETECTIVE CLIFFORD ADER (TAX ID# 913602), DETECTIVE ANIELLO MAZZELLA (TAX ID# 920573)**, and **DETECTIVE MATTHEW MCCROSSON (SHIELD #5474)** individually and collectively are liable pursuant to 42 U.S.C. § 1983 for abuses against Plaintiff that shock the conscience in violation of the Fourteenth Amendment to the United States Constitution.

78. Defendants **THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, BRONX COUNTY DISTRICT ATTORNEY ROBERT T. JOHNSON, DETECTIVE CLEMENTE SOSA (TAX ID# 917177), DETECTIVE CLIFFORD ADER (TAX ID# 913602), DETECTIVE ANIELLO MAZZELLA (TAX ID# 920573)**, and **DETECTIVE MATTHEW MCCROSSON (SHIELD #5474)** individually and collectively are liable for abuses against Plaintiff that shock the conscience in violation of Article 1, § 5 of the New York State Constitution.

79. Defendants **THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, BRONX COUNTY DISTRICT ATTORNEY ROBERT T. JOHNSON, DETECTIVE CLEMENTE SOSA (TAX ID# 917177), DETECTIVE CLIFFORD ADER (TAX ID# 913602), DETECTIVE ANIELLO MAZZELLA (TAX ID# 920573)**, and **DETECTIVE MATTHEW MCCROSSON (SHIELD #5474)**

individually and collectively are liable for abuses against Plaintiff that shock the conscience in violation of New York law, rules and regulations.

80. As a result of the foregoing, Plaintiff was deprived of her liberty, suffered loss of quality and/or enjoyment of life, physical injury, economic injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged.

**WHEREFORE**, Plaintiff demands the following relief jointly and severally against all of the Defendants:

a. Compensatory damages;
b. Punitive damages;
c. Declaratory relief;
d. Injunctive relief;
e. The convening and empanelling of a jury to consider the merits of the claims herein;
f. Costs and interest and attorneys' fees;
g. Such other further relief as this court may deem appropriate and equitable.

Dated: New York, New York
September 17, 2014

Respectfully submitted,

**NOVO LAW FIRM, PC**
*Attorney for Plaintiff*

By: Ellie A. Silverman, Esq. (4701868)
299 Broadway, 17th Floor
New York, New York 10007
(212) 233-6686
**File No. 09-3213**
ellies@novolawfirm.com